# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2018

Lyle W. Cayce
Clerk

No. 15-41209
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FIDEL FLORES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-439-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Fidel Flores was convicted of illegal reentry after deportation and sentenced to twenty-eight months of imprisonment and two years of supervised release. On appeal, Flores contends that the district court erred by applying an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) and entering a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41209

judgment of conviction under 8 U.S.C. § 1326(b)(2), both based on a finding that his prior Texas conviction for evading arrest with a motor vehicle constituted an aggravated felony.  Flores argues that this prior conviction cannot serve as an aggravated felony under either the Guidelines or § 1326(b)(2) because the incorporated definition in 18 U.S.C. § 16(b) is unconstitutionally vague. We affirmed. *United States v. Flores*, 670 F. App'x 362 (5th Cir. 2016) (per curiam).

The Supreme Court granted Flores's petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212, 1223 (2018).  In *Dimaya*, the Supreme Court held, consistent with Flores's argument regarding § 1326(b)(2), that 18 U.S.C. § 16(b) is unconstitutionally vague as incorporated into the Immigration and Nationality Act.  138 S. Ct. at 1212, 1223.  Accordingly, Flores is correct that his prior conviction cannot constitute an aggravated felony warranting judgment under § 1326(b)(2).

As we subsequently held in *United States v. Godoy*, however, § 16(b) remains validly incorporated into the advisory Guidelines for definitional purposes.  890 F.3d 531, 533, 539 (5th Cir. 2018) ("when § 16(b) is used by the nonbinding Guidelines solely for definitional purposes, vagueness-doctrine principles do not apply").  Accordingly, to the extent Flores challenges the calculation of his Guidelines range, his argument is without merit.

In light of *Dimaya*, we VACATE the district court's judgment and REMAND for entry of judgment under 8 U.S.C. § 1326(b)(1) rather than § 1326(b)(2).